UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA LYNCH, | ) |
|     *Plaintiff*, | ) CASE NO. 15-218 Erie |
| v. | ) ORDER DENYING MOTION FOR |
| RIDGEWAY AREA SCHOOL DISTRICT, | )   SANCTIONS |
|     *Defendant*. | ) |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Sanctions. Dkt. No. 34. Defendant opposes the motion. Dkt. No. 35. Having reviewed the parties' submissions, the relevant legal authority, and the record, the Court will DENY the motion. The reasoning for the Court's decision is set forth below.

## II. FACTUAL BACKGROUND

Plaintiff, Pamela Lynch, instituted this age discrimination action against Defendant, Ridgway Area School District, on August 8, 2015. Dkt. No. 1. Plaintiff asserted two claims against Defendant. *Id*. In Count I, Plaintiff alleged age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and in Count II, she alleged age discrimination and retaliation under the Pennsylvania Human Relations Act, 43

1

P.S. § 951, *et seq*. After this Court denied Defendant's motion to dismiss, the parties commenced discovery.

On September 8, 2016, Defendant served a third-party subpoena on the employer of Plaintiff's husband. Dkt. No. 34 at 1. Plaintiff's attorney did not receive a copy of the subpoena until September 9, 2016 when it arrived at his office via regular mail. *Id*. Plaintiff contends that Defendant's failure to provide her attorney with a copy of the subpoena prior to serving the subpoena on her husband's employer violates Rule 45(a)(4) of the Federal Rules of Civil Procedure. As such, she requests that this Court sanction Defendant for the alleged violation.

Defendant counters that Plaintiff's counsel failed to "meet and confer" with its counsel prior to filing the instant motion and, therefore, requests that the motion be summarily denied pursuant to the terms of this Court's Standing Order. Alternatively, Defendant claims that it complied with Rule 45(a)(4).

### III. DISCUSSION

In relevant part, Federal Rule 45 states:

> Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4). Federal Rule 5, in turn, governs the method of service on a party. Fed. R. Civ. P. 5(a)(C). Specifically, Rule 5 mandates that if a party is represented by counsel, as is the case here, "service … must be made on the attorney[.]" Fed. R. Civ. P 5(b)(1). Service on the attorney may be accomplished by mailing the notice to the attorney's last known address, "in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff admits that Defendant's counsel mailed a copy of the subpoena to her counsel on September 6, 2016, two days before the subpoena was served on her husband's employer. Dkt.

No. 34, Ex. C. Therefore, Defendant complied with the notice requirement of Federal Rule 45. In addition, this Court notes that the purpose of the prior notice requirement of Rule 45 is to give a party the opportunity to "object to the release of the information prior to its disclosure." *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010); *see also, In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 158 (E.D. Pa. 2009) (citing *Seewald v. IIS Intelligent Info. Sys. Ltd.*, Civ. No. 93–cv–4252, 1996 WL 612497 (E.D.N.Y. Oct.16, 1996) (when opposing counsel has notice and sufficient time to object, he is not prejudiced by a violation of Rule 45's notice requirement). Thus, while the Court has already determined that Plaintiff was given prior notice of the subpoena, even if she had not been, under the facts as presented in this motion, Plaintiff would not be able to establish prejudice because she had plenty of time within which to "object to the release of the information prior to its disclosure."[1] *Coleman-Hill*, 271 F.R.D. at 552. Accordingly, Plaintiff's motion for sanctions must be denied.

The Court notes that this motion is an unnecessary waste of judiciary resources. Had the parties meaningfully conferred as instructed by this Court's Standing Order, the Court is confident that the parties would have been able to resolve this dispute without intervention from the Court. While Plaintiff's counsel technically complied with this Court's Standing Order when he asked Defendant's counsel about the subpoena on the day it was served on the employer, it does not appear that either party made a meaningful effort to resolve the disagreement. In the future, the Court expects the parties to work together to make sure this case proceeds smoothly, including but not limited to, emailing courtesy copies of notices to opposing counsel.

---

[1] Plaintiff received notice of the subpoena on September 9, 2016. Dkt. No. 34 at 1. The subpoena instructed that the documents should be produced on September 26, 2016. Dkt. No. 33, Ex. A.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions is HEREBY DENIED.

Dated this 28th day of September, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge