UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

PAMELA LYNCH,            )
                         )
    *Plaintiff*,         )    CASE NO.    15-218 Erie
                         )
    v.                   )
                         )    ORDER DENYING MOTION
                         )    FOR LEAVE TO FILE SECOND
RIDGEWAY AREA SCHOOL     )    AMENDED COMPLAINT
DISTRICT,                )
                         )
    *Defendant*.         )
_____)

## I. INTRODUCTION

Plaintiff, Pamela Lynch, moves this court for leave to file a second amended complaint. Dkt. No. 32. Defendant, Ridgeway Area School District, opposes the motion. Dkt. No. 38. Having reviewed the parties' arguments, the record of the case, and the relevant legal authority, the Court will deny the motion.

## II. FACTUAL BACKGROUND

Plaintiff, Pamela Lynch, instituted this age discrimination action against Defendant, Ridgway Area School District, on August 8, 2015. Dkt. No. 1. Plaintiff asserts two claims against Defendant. *Id*. In Count I, Plaintiff alleges age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and in Count II, she alleges age discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. The Court entered a scheduling order on May 3, 2016 that set the deadline to

1

amend pleadings as July 1, 2016. Dkt. No. 30. Plaintiff now seeks leave to file a second amended complaint approximately two months after the expiration of that deadline.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "focuses on the diligence of the party seeking the modification of the scheduling order." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007).

### IV.     DISCUSSION

Plaintiff seeks leave to file a second amended complaint so that she may add a civil claim based on Pennsylvania's Wiretapping Statute and to add a new defendant to the wiretapping claim. Lynch bases this wiretapping claim on a video allegedly recorded by one of her students during class. Defendant objects to Plaintiff's motion. It claims that: (1) Plaintiff failed to comply with the meet and confer requirement set forth in this Court's Standing Order, (2) Plaintiff has not demonstrated that good cause exists to allow an amendment outside the Court-imposed deadline, and (3) the proposed amendment is futile. The Court agrees with each of Plaintiff's objections.

First, this Court's Standing Order requires the parties to make a "meaningful effort to confer prior to filing a [non-depositive] motion." Dkt. No. 5. Defendant charges that Plaintiff "made no effort to confer" with defense counsel concerning the instant motion. Dkt. No. 38 at 2. Plaintiff does not dispute this allegation. Indeed, Plaintiff did not file a brief in reply to Defendant's opposition. The Standing Order warns that "[m]otions which do not comply [with the Standing Order] will be summarily denied." Dkt. No. 5, Section 2(C). Accordingly, the Court will deny the motion.

2

In addition, the Court concludes that even if Plaintiff had complied with this Court's instructions, denial of the motion to amend is still warranted. Plaintiff alleges that she learned of the video's existence for the first time on September 1, 2016 at the deposition of Anne Herzing. Defendant counters that Plaintiff has been aware of the video's existence since at least January 25, 2013 when the video was discussed at her disciplinary hearing. Again, Plaintiff does not counter this allegation. Accordingly, the Court concludes that good cause does not exist to file a second amended complaint. *See Price v. Trans Union*, LLC, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) ("Where … the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.").

In addition, the proposed amendment would be futile because the wiretapping claim would be outside the statute of limitations. A civil cause of action for violation of Pennsylvania's wiretapping law must be brought within two years of the events giving rise to the claim. *Bristow v. Clevenger*, 80 F. Supp. 2d 421, 429 (M.D. Pa. 2000). As set forth above, Plaintiff first became aware of the video's existence on January 25, 2013, she did not file the instant motion until September 8, 2016—over three years and seven months after she first became aware of the video's existence. Therefore, the proposed claim is outside the statute of limitations, so it would be futile to bring the claim. Plaintiff's proposed amendment must be denied.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion for leave to file a second amended complaint.

Dated this 26th day, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge

3